131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alex CARRILLO, Plaintiff-Appellant,
v.
Jerry S. STAINER: J.B. Williams; J. Kelly, CCI; R.
Linfor, Correctional Counsel; C. Johnson; Brock,
Officer, Defendants-Appellees.
 No. 97-15697.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-03214-EFL; Eugene F. Lynch, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alex Carrillo, a California state prisoner, appeals pro se the district court's denial of his motion for reconsideration in his 42 J.S.C. § 1983 action alleging a violation of his procedural due process rights guaranteed by the Fourteenth Amendment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of a motion for reconsideration under Fed.R.Civ.P. 60(b), see Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991), and we affirm.
 
 
 3
 With respect to Carrillo's contention that he was denied the right to call witnesses at his disciplinary hearing, the record establishes that Carrillo never requested witnesses at his respective hearings. See Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974).
 
 
 4
 With respect to Carrillo's contention that he was entitled to a default judgment against several defendants, the record establishes that no defendant was ever in default. See Fed.R.Civ.P. 55.
 
 
 5
 With respect to Carrillo's contention that he was not allowed to complete discovery prior to entry of summary judgment, his motions explaining his desire to obtain affidavits from non-party witnesses never described what assistance he desired from the district court.
 
 
 6
 With respect to Carrillo's contention that he should have been appointed counsel, we conclude that no exceptional circumstances justified such appointment. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 7
 Accordingly, the district court did not abuse its discretion by denying Carrillo's motion for reconsideration. See Floyd, 929 F.2d at 1400.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. We deny Carrillo's request to consider additional exhibits
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On May 23, 1997, this court concluded that it only had jurisdiction to consider Carrillo's motion for reconsideration. Because Carrillo's motion does not raise issues concerning the district: court's denial of his motion for a temporary restraining order, the adequacy of his investigative employee, the alleged use of falsified evidence in his disciplinary hearings, and errors by the reviewers of his disciplinary charges, these issues are not properly before us on appeal. See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991)
 
 
 [2]
 Because of our disposition of the appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal